```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

```
(1) AMBAA, INC., d/b/a Highway Inn    )
& Express,                            )
                                      )
                   Plaintiff,         )
                                      )
vs.                                   ) Case No. 12-474-FHS
                                      )
(1)PRINCETON EXCESS & SURPLUS LINES   )
INSURANCE COMPANY, and (2) YORK RISK  )
SERVICES GROUP, INC.,                 )
                                      )
                   Defendants.        )
```

### OPINION AND ORDER

Before the court for its consideration is York Risk Services Group Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #17). Defendant York alleges the Amended Complaint fails to state a claim upon which relief can be granted. Defendant York argues that Plaintiff's Amended Complaint alleges that Defendant York owed it a duty, breached that duty and as a result is liable to Plaintiff for punitive damages. Defendant York alleges that it did not owe a duty to the insured and as a result cannot be held liable for any alleged negligence arising from its adjustments of Plaintiff's insurance claim. Defendant York argues that it did not have a contract with Plaintiff and as a result, had no duty to it. Plaintiff argues that Defendant York does owe it a duty to conduct a fair and reasonable investigation of an insurance claim. Plaintiff argues Defendant York can be liable to it under a negligence theory.

In support of its position, Plaintiff cites to <u>Brown v. State Farm Fire & Cas. Co.</u>, 58 P.3d 217 (Okla. Civ. App. 2002), the Oklahoma Court of Appeals held that an insurance investigator

1

hired by an insurance company to do an investigation of the insured's property had a duty to the insured to conduct a fair and reasonable investigation.  Id. at 223.  In opposition to Brown, the Defendant York cites to Badillo v. Mid Century Insurance Company, 121 P.3d 1080, 1094 (Okla. 2005)[1] which held that the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence. Defendant York argues that an agent cannot be held to a higher standard than the principal.  Thus, if the insurer cannot be held liable for negligence, the agent cannot be held liable under a negligence theory either.  This court agrees with the Defendant York.  The court agrees that if an insurer cannot be held liable in negligence, neither can its agent.  Thus, Plaintiff cannot state a cause of action against the Defendant York in negligence.

Accordingly, the court grants the Defendant York's Motion to dismiss.

IT IS SO ORDERED this 3rd day of June, 2013.

Frank H. Seay
United States District Judge

---

[1] It is noteworthy that Badillo was decided three years after Brown.